**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **TERRY S. DROLLINGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:** _____ |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DAMAGES IN A CIVIL CASE

Plaintiff, Terry S. Drollinger ("Plaintiff") by counsel, Sweeney Law Firm, asserts this medical malpractice action against the Defendant, United States of America, and for his Complaint alleges and says as follows:

### PARTIES

1.      Terry S. Drollinger is a citizen of Marion, Indiana.

2.      The Defendant is the United States of America.  At all times relevant hereto, the United States acted through its agency, the Department of Veterans Affairs ("VA"), its subdivision, the Veterans Health Administration ("VHA"), and the employees of those agencies.

3.      At all times relevant hereto, the Defendant employed a podiatrist, Dr. Bradley R. Hammersley ("Dr. Hammersley"), to provide podiatric medical care and treatment at the Veterans Administration Northern Indiana Health Care System ("VANIHCS") in Fort Wayne, Indiana and Marion, Indiana.

4.      At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant.

## JURISDICTION AND VENUE

5.      Because the United States is the Defendant in this case, this Court has jurisdiction under 28 U.S.C. §1346.

6.      The United States has waived its sovereign immunity pursuant to 5 U.S.C. §702.

7.      At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant and was an "employee of the government" as defined by 28 U.S.C. §2671.

8.      Because Dr. Hammersley was acting within the scope and course of his employment as an "employee of the government" at all times relevant hereto, the Defendant is not entitled to the "Independent Contractor Exception," pursuant to *Edison v. United States*, 822 F.3d 510, 2016.

9.      Because Dr. Hammersley was an "employee of the government" at all times relevant hereto, the Defendant is not entitled to dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

10.     Pursuant to 28 U.S.C. §1391(e)(1), venue is proper within the Northern District of Indiana Fort Wayne Division because the events or omissions giving rise to this action occurred in this District.

11.     Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. §2675(a).

12.     Pursuant to 28 U.S.C. §2675(a), Plaintiff submitted a Standard Form 95 ("SF95") to the Veterans Administration on August 14, 2019 detailing his claim against the Defendant.

13.     On January 2, 2020, the VA sent Plaintiff a letter indicating that his claim was denied because the "tort claim is barred unless it is presented within two years after the claim accrues, as provided in section 2401(b), title 28, United States Code (U.S.C.)."

14.     Pursuant to 28 U.S.C. §2401(b), Plaintiff files this action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

15.     Plaintiff first learned that the care provided to him by Dr. Hammersley was malpractice when he met with VA administrators on March 8, 2018.

16.     Plaintiff could not have learned that the acts and/or omissions by Dr. Hammersley were malpractice until he met with the VA administrators on March 8, 2018.

17.     All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been satisfied.

## STATEMENT OF CLAIM

18.     Plaintiff saw Dr. Hammersley on September 10, 2015 for right ankle pain.

19.     Dr. Hammersley diagnosed Plaintiff with rupture of tibialis posterior, pes planus, bilateral contracted Achilles tendon, and bilateral tarsal tunnel syndrome.

20.     On December 4, 2015, Dr. Hammersley performed a transfer of tibialis posterior tendon, calcaneal osteotomy, gastrocnemius recession, and tarsal tunnel decompression.

21.     On January 4, 2016, Plaintiff called Dr. Hammersley's office complaining of swelling and pain in the lower leg.  Dr. Hammersley recommended aspirin.

22.     On January 8, 2016, Plaintiff went to an urgent care center and was diagnosed with a DVT of the right popliteal vein and bilateral pulmonary emboli causing right ventricular heart strain.

23.     Dr. Hammersley never performed weight-bearing ankle radiographs nor advanced imaging to confirm tarsal tunnel syndrome, rupture of the posterior tibialis tendon, or the severity of the pes planus.  Dr. Hammersley never performed measurements to confirm a contracted Achilles tendon.

24.     Had Dr. Hammersley performed the appropriate diagnostic procedures and imaging, he would have noted that Plaintiff had stage 3 or 4 posterior tibialis tendon dysfunction and would have required a triple arthrodesis, which Dr. Hammersley did not perform.

25.     Dr. Hammersley breached the standard of care by failing to perform the correct diagnostic procedures and imaging to make an accurate diagnosis prior to surgery.

26.     Dr. Hammersley breached the standard of care by performing the incorrect surgical procedure.

27.     Dr. Hammersley breached the standard of care by failing to prevent, then failing to recognize and appropriately treat a DVT, which caused PE and heart damage.

28.     The standard of care requires that surgeons tell patients the important facts so patients can make an informed decision about proceeding with surgery.  Dr. Hammersley breached the standard of care regarding informed consent because he never informed Plaintiff that more diagnostic studies could be performed to verify which surgery would be indicated.

29.     According to the Institutional Disclosure of Adverse Event ("Disclosure") document from the VA dated March 13, 2018 (attached hereto as Exhibit 1), Dr. Hammersley committed the following acts of malpractice and betrayal in connection with podiatry care and services rendered to the Plaintiff:

* Inaccurate diagnosis
* Lack of appropriate diagnostic testing and performing inappropriate diagnostic testing
* Studies or images did not confirm surgical diagnosis or findings

    ∗       Plaintiff suffered an injury related to surgery
    ∗       Plaintiff suffered a DVT and extensive bilateral PE with resulting right ventricular heart strain.

30.    On March 8, 2018, Plaintiff was notified by VA administrators that he was the victim of malpractice at the hands of Dr. Hammersley.  At the March 8, 2018 disclosure meeting, VA administrators informed Plaintiff he had the right to file a malpractice claim against the VA and provided him with a blank Standard Form (SF95) to complete and submit to the VA.

31.    In the March 13, 2018 Disclosure document, the VA admitted that Dr. Hammersley committed the above-mentioned acts of malpractice in connection with the podiatry care and treatment rendered by Dr. Hammersley to the Plaintiff.

32.    As a direct and proximate result of Dr. Hammersley's negligence, Plaintiff suffered significant damage to his right foot and damage to his heart and lungs.  At the March 8, 2018 disclosure, a VA employee documented, "Mr. Drollinger states that he cannot walk fore than 75 feet and is in constant pain."

33.    As further direct and proximate result of Dr. Hammersley's negligence and inappropriate surgery, the quality of Plaintiff's life has been significant diminished. The Plaintiff began experiencing profound feelings/emotions of betrayal when he learned from VA employees that his injuries occurred as a direct result of Dr. Hammersley's inappropriate care.

34.    Plaintiff is seeking the applicable elements/categories of damages set forth in Indiana Model Civil Jury Instructions ("IMCJI") 703.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against the Defendant and respectfully requests compensatory damages that are commensurate with the harm suffered by Plaintiff and for all

losses, injuries and damages, including the costs of this action and for all other just and proper relief in these premises.

Pursuant to 28 U.S.C. §2675(b), Plaintiff seeks damages equal to the amount that Plaintiff presented to the VA in his SF95.  If any newly discovered evidence not reasonably discoverable at that time of the filing of the SF95 is discovered, Plaintiff reserves the right to claim damages in excess of the damages sought in the SF95.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted this 30th day of January 2020,

"/s/" David L. Farnbauch
David L. Farnbauch (#11187-45)
SWEENEY LAW FIRM
8019-B Lima Road
Fort Wayne, IN 46818
(260) 420-3137
Email: dlf@sweeneylawfirm.com

"/s/" Nicholas L. King
Nicholas L. King (#30709-49)
COWAN & KING, LLP
P.O. Box 90379
Indianapolis, IN 46290
(317) 246-8784
Email: nlk@cowanandking.com